UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NESTOR O. HERNANDEZ-GUZMAN,
#384339,

        Petitioner,

Case No. 14-CV-10424

v.

HON. MARK A. GOLDSMITH

CINDI S. CURTIN,

        Respondent.

_____/

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1); (2) DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) GRANTING LEAVE TO
APPEAL IN FORMA PAUPERIS**

## I. INTRODUCTION

Petitioner Nestor Hernandez-Guzman, presently confined at the Oaks Correctional Facility in Manistee, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his Livingston County plea convictions for first-degree criminal sexual conduct, Mich. Comp. Laws 750.530(b)(1)(f), and being a second-habitual offender, Mich. Comp. Laws 769.11. For the reasons stated below, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

## II. BACKGROUND

Petitioner pled guilty in the Livingston County Circuit Court to raping a woman that he invited into his home. See 5/14/2014 Plea Tr. at 30, 40-50 (Dkt. 9-2). Petitioner also signed an advice-of-rights form. See 5/19/2012 Form (Dkt. 9-3). As a result of his plea conviction of first-

1

degree criminal sexual conduct and being a second-habitual offender, the trial court sentenced Petitioner to a term of 126-to-189 months' imprisonment pursuant to a plea agreement. See 6/28/2012 Sentencing Tr. at 13 (Dkt. 9-5).

Petitioner filed a delayed application for leave to appeal, raising the issues contained within his habeas petition, which the Michigan Court of Appeals denied "for lack of merit in the grounds presented." People v. Hernandez-Guzman, No. 313913, Order at 1 (cm/ecf page) (Mich. Ct. App. Feb. 7, 2013) (Dkt. 9-11). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard form order. 832 N.W.2d 220 (Mich. 2013) (Dkt. 9-12).

Petitioner now seeks a writ of habeas corpus on his claims as follows:

  i. "Mr. Guzman should be allowed to withdraw his plea because he was deprived of representation by competent counsel at sentencing due to trial counsel's failure to advocate on behalf of Mr. Guzman, thereby violating his rights under the federal and state constitutions."

     1. "Mr. Olsen's [sic] complete failure to advocate on behalf of Mr. Guzman violated his right to effective assistance of counsel according to Cronic, and the resulting prejudice is presumed."

     2. "Mr. Guzman was denied his right to effective assistance of counsel due to Mr. Olson's professionally unreasonable decision not to fully analyze inconsistencies in the victim's story, and to advocate for his client's wishes which resulted in prejudice to Mr. Guzman's case and violates the Strickland minimum standard for effective counsel."

  ii. "The trial court unlawfully deprived the Defendant of his due process, equal protection, and other protected rights under the United States and Michigan Constitution when it failed to take into account all mitigating evidence in sentencing the Defendant; on plain error and/or ineffective assistance of counsel grounds this Court should review this issue."

2

See Pet. at 5, 7.

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v.

3

Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quotation marks). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102 (citation omitted). Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. at 102-103 (quotation marks omitted). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts

4

know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.

Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. Id. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. Id. at 99-100.

In the present case, the AEDPA deferential standard of review applies to Petitioner's case, where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See Werth v. Bell, 692 F.3d 486, 492-494 (6th Cir. 2012).

### III. ANALYSIS

**A. Claim One: Plea Withdrawal and Ineffective Assistance of Counsel**

Petitioner initially claims that he should have been permitted to withdraw his guilty plea, on the grounds that his attorney was not prepared for trial and abandoned his representation when the trial court questioned him prior to sentencing.

At the outset, Petitioner has no federal constitutional right or absolute right under state law to withdraw his guilty plea. See Adams v. Burt, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007). Therefore, unless the plea violated a clearly established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is within the state trial court's discretion. See id.; see also Hoffman v. Jones, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

The only question on collateral review of a guilty plea is whether the plea was counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, the specific question for this Court is whether Petitioner's guilty plea was voluntary and intelligent. Hoffman, 159 F. Supp. 2d at 655; Bousley v. United States, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." (quotation marks omitted)). A guilty plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994), cert. denied, 512 U.S. 1222 (1994).

When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state-court proceedings showing that the plea was made voluntarily. Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993). The

6

factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Id. The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. Id. at 328. "Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid." Myers v. Straub, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. Mabry v. Johnson, 467 U.S. 504, 508-509 (1984). "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes)." Myers, 159 F. Supp. 2d at 626-627 (citing Mabry, 467 U.S. at 509).

In this case, the record establishes that Petitioner knowingly and voluntarily pleaded guilty to the charges on the trial date. Petitioner was advised of the maximum penalties of the crimes that he was pleading to, as well as the rights that he would be giving up by pleading guilty. See 5/14/2014 Plea Tr. at 30-32, 36-37. The terms of the plea agreement were placed on the record. Id. at 38. Petitioner acknowledged several times that he was pleading guilty freely and voluntarily and that no threats had been made to get him to plead guilty. See id. at 39, 46.

Petitioner's claim that his counsel coerced him into pleading guilty is defeated by the fact that Petitioner stated on the record at the plea hearing that no threats had been made to get him to plead guilty and that he was pleading freely and voluntarily. Petitioner's bare claim that he was

7

coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to Petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 750-751 (E.D. Mich. 2005). Petitioner is not entitled to withdraw his plea.

Petitioner further claims that he should be allowed to withdraw his plea based on his allegation that counsel was unprepared for trial and abandoned his representation of Petitioner at sentencing by failing to advocate on Petitioner's behalf.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. In so doing, the defendant must overcome a "strong presumption" that counsel's behavior lies within the "wide range of reasonable professional assistance." Id. at 689. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689.

Second, the defendant must show that such performance prejudiced his defense. Id. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Strickland's test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" Storey v. Vasbinder, 657 F.3d 372,

379 (6th Cir. 2011) (quoting Harrington, 131 S. Ct. at 792). The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a "reasonable probability" that the result of the proceeding would have been different but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable — a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). "The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123.

Pursuant to the section 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner. Id. This means that, on habeas review of a state-court conviction, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 562 U.S. at 101. "Surmounting Strickland's high bar is never an easy task." Id. at 105 (quotation marks omitted). Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there

9

>           is any reasonable argument that counsel satisfied Strickland's
>           deferential standard.

Id. at 105. In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

Petitioner first contends that he was constructively denied the assistance of counsel because his attorney failed to advocate on his behalf at sentencing.

Where defense counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. Moss v. Hofbauer, 286 F.3d 851, 860 (6th Cir.), cert. denied, 537 U.S. 1092 (2002) (citing United States v. Cronic, 466 U.S. 648, 659 (1984)). However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." Bell v. Cone, 535 U.S. 685, 697 (2002).

In this case, counsel's alleged errors did not rise to the level of the constructive denial of counsel, because counsel actively represented Petitioner during plea negotiations, and at sentencing. Moss, 286 F. 3d at 860-862. At sentencing, trial counsel reviewed the pre-sentence report, indicated that Petitioner wanted to withdraw his plea, and informed the trial court multiple times that Petitioner did not want counsel to address the court, wanting "to be able to address the Court in allocution himself." 6/28/2012 Sentencing Tr. at 6 (Dkt. 9-5). The record also indicates that trial counsel informed the court that "unless the Court were to give me a sentence that violates this plea agreement, I would make no motion as his attorney and he's asked me to make no statements. He wants to address the Court himself." Id. at 6-7.

10

As the Sixth Circuit has noted, the Cronic presumption "applies only where defense counsel completely or entirely fails to oppose the prosecution throughout the guilt or penalty phase as a whole." Benge v. Johnson, 474 F.3d 236, 247 (6th Cir. 2007) (emphasis in original). Here, the Court finds that Petitioner's trial counsel's alleged failures do not amount to a complete failure to provide a defense. Therefore, the presumption of prejudice does not apply and Petitioner would be required to show that he was actually prejudiced by counsel's alleged omissions in order to obtain habeas relief. Id.

Petitioner is unable to show that he was prejudiced by his trial attorney's performance at sentencing or at the plea withdrawal hearing. Petitioner has never presented to either the state courts, or this Court, any evidence in support of his claim that his trial counsel coerced him into pleading guilty. The trial judge rejected Petitioner's motion to withdraw his guilty plea because Petitioner had never presented any evidence to substantiate his claim. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. See Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of claim, Petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. See Cooey v. Coyle, 289 F.3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Moreover, because Petitioner has failed to show any reasonable likelihood that his motion to withdraw his guilty plea would have been granted, Petitioner was not prejudiced by his attorney's handling of the motion to withdraw his guilty plea. See, e.g., Franks v. Lindamood, 401 F. App'x 1, 7 (6th Cir. 2010).

While Petitioner alleges that he was coerced into this guilty plea, the trial court judge indicated on the record numerous times that it was Petitioner who made the plea offer to the government:

> [W]hat's interesting about this case . . . is that the Defendant himself made a plea offer in this one which was ultimately accepted by the Prosecutor.
>
> \*   \*   \*
>
> Defendant presumably considered the plea offer before making it. This was his idea. As the Court explained, he was free to change his mind, the jury was ready to be called in, [and] he could have a trial that day.

12/6/2012 Hr'g Tr. at 6, 8 (Dkt. 9-10).

As the record in this case demonstrates, trial counsel did not abandon representation of Petitioner at the sentencing hearing. Nor was Petitioner coerced into accepting a plea.

Petitioner also alleges that trial counsel was totally unprepared for trial where he failed to investigate witnesses, consult with medical experts, failed to fully analyze inconsistencies in the victim's story, and failed to advocate for his client's wishes.

"An unconditional guilty plea constitutes a waiver of all pre-plea nonjurisdictional constitutional deprivations." Shanks, 387 F. Supp. 2d at 747 (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Pre-plea claims of ineffective assistance of trial counsel are also considered nonjurisdictional defects that are waived by a guilty plea. See United States v. Stiger, 20 F. App'x 307, 309 (6th Cir. 2001); see also Siebert v. Jackson, 205 F. Supp. 2d 727, 733-734 (E.D. Mich. 2002) (habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea

12

agreement). Therefore, the Court finds that Petitioner is not entitled to habeas relief on his first claim.

### B. Claim Two: Abuse of Discretion

In his second claim, Petitioner asserts that the trial court abused its discretion by denying his request to withdraw his guilty plea, alleging that his plea was coerced and the product of ineffective assistance of counsel. Petitioner also alleges that he was coerced into accepting a plea as the result of the coercive atmosphere created by the trial court's involvement in the plea process. Petitioner also alleges that the trial court failed to take into consideration all mitigating evidence at sentencing.

Although Federal Rule Criminal Procedure 11(c)(1) prohibits judicial participation in plea negotiations, it is not a federal constitutional rule; therefore, its prohibition on judicial participation in plea bargaining in the federal courts does "not necessarily invalidate every instance of judicial participation in the negotiation of a guilty plea in state court." Alvarez v. Straub, 21 F. App'x 281, 283 (6th Cir. 2001).

In this case, the record reflects that the trial court judge's remarks, on their face and in light of the surrounding environment in which they occurred, were not inherently coercive or prejudicial to Petitioner's rights, because the judge's comments merely appeared to be an attempt to inform Petitioner of the possible consequences of proceeding with a full trial. See Caudill v. Jago, 747 F.2d 1046, 1050-1051 (6th Cir. 1984). There is no evidence which demonstrates that the trial court judge's remarks "were stern, overbearing or determined to intimidate" Petitioner into pleading guilty. Id. at 1051.

At the plea proceeding, Petitioner was placed under oath, advised of his trial rights, which he waived both verbally and in writing. He was advised that the maximum possible

penalty was up to life in prison, and consisted of a sentence of 126-to-189 months' imprisonment, which Petitioner confirmed. Petitioner testified that there were no undisclosed threats or promises inducing him to plead, and that he was pleading guilty because he was in fact guilty. See 5/14/2012 Hr'g Tr. at 30-40.

After the factual basis was established, the trial court asked the following question: "Sir, are you telling me you understand what you're doing in offering this plea of guilty and you're voluntarily pleading guilty because you are guilty?" Id. at 46. Petitioner testified that he was pleading guilty voluntarily and that he understood, by pleading guilty, he could not later claim that it was not his choice to plead or that he was forced or coerced into pleading. Id. at 46-47. The record demonstrates that Petitioner was not coerced by his attorney or by the atmosphere of the trial court into pleading guilty.

In regards to Petitioner's claim that the trial court failed to take into account mitigating evidence at sentencing, Petitioner raised this argument for the first time in his brief to the Michigan Supreme Court. This part of Petitioner's claim is unexhausted. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Petitioner failed to present his sentencing claim on his direct appeal with the Michigan Court of Appeals; his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. See Skinner v. McLemore, 425 F. App'x 491, 494 (6th Cir. 2011). However, a habeas petitioner's failure to exhaust his or her state-court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. Granberry v. Greer, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas

review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." Friday v. Pitcher, 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(2). Petitioner's claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf is non-cognizable, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. See Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001) (citing to Harmelin v. Michigan, 501 U.S. 957, 996 (1991)). "Because [P]etitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on [his] behalf at sentencing." Hastings v. Yukins, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Therefore, the Court concludes that Petitioner's second claim is meritless.

### C. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court

15

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims; reasonable jurists would not conclude that Petitioner's claims deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted in this case.

### D. Leave to Proceed In Forma Pauperis

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

## V.  CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus (Dkt. 1), declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

SO ORDERED.

Dated:  June 5, 2015            s/Mark A. Goldsmith
    Detroit, Michigan           MARK A. GOLDSMITH
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2015.

                                s/Johnetta M. Curry-Williams
                                Case Manager